**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

ESTATE OF JERRY L. BYLER,

              Plaintiff,

vs.

ALASKAN LEADER, Official No.
558697, its Engines, Machinery,
Appurtenances, etc., *In Rem*,

              Defendant,

CITY AND BOROUGH OF
YAKUTAT,

              Intervenor-Defendant.

Case No. 3:10-cv-055-HRH-JDR

**ORDER CREATING INTERIM
RECEIVERSHIP TO LEASE AND
OR OPERATE VESSELS**

Docket 71

        The Estate of Jerry L. Byler ("Estate"), Alaskan Adventure Tours, Inc.

("AAT"), and the City and Borough of Yakutat ("CBY"), agree to the creation of an

Interim Receivership pursuant to 46 U.S.C. § 31325(e), to lease and or operate

vessels. The Estate, AAT and CBY are at times referred to as the "Parties" or individually as "Party."

1.      Each Party expressly reserves all of its rights, claims, causes of action and defenses.

2.      AAT, the owner of the defendant vessel M/V ALASKAN LEADER (Official Number 558637), is also the owner of the vessel M/V GULF COAST RESPONDER formerly known as the M/V SOUND ADVENTURE (Official Number 1228470), a Boston Whaler and a Mako Skiff. The M/V GULF COAST RESPONDER is currently subject to an Order of the Bankruptcy Court dated June 7, 2010 ("Bankruptcy Court Order") allowing for the possible lease or charter of the M/V GULF COAST RESPONDER in the Gulf of Mexico oil spill clean-up. The Bankruptcy Court Order and the terms and conditions are incorporated by reference in this Order. The Bankruptcy Court Order is at Docket 53. In addition to the requirements of that Order, the lease or charter of the M/V GULF COAST RESPONDER shall be subject to the terms and conditions of the receivership described in this Order.

3.      The Parties are not moving to appoint a separate receiver. The Parties are moving to establish a receivership constituted of the three Parties to manage the lease or charter of the two vessels, to collect any

lease/charter payments and deposit them in a Receivership Account to be established and managed by the Parties and to make other decisions regarding the use and management of the vessels. The Receivership Account shall be established and maintained at Wells Fargo Bank in Kodiak, Alaska agreed to by the Parties. The Court shall not be responsible for establishing or maintaining the Receivership Account or otherwise accounting for any funds.

4.    The Parties should review any possible lease or charter of the M/V GULF COAST RESPONDER and/or the M/V ALASKAN LEADER and endeavor to agree unanimously to the terms and conditions affecting the receivership among themselves.

5.    The Parties shall address insurance coverage, payment of expenses, attorney's fees and any and all other matters related to the vessels.

6.    John E. Casperson is the attorney for the Estate and shall act in that capacity for the Estate in connection with the receivership; Gary A. Spraker and William M. Wuestenfeld are the attorneys for AAT and shall act in that capacity for AAT in connection with the receivership; and James T. Brennan, Steven J. Shamburek and Sara E. Heideman are the attorneys for CBY and shall act in that capacity for CBY in

connection with the receivership. The written approval of only one individual for each Party is adequate.

7.      In absence of an unanimous agreement, a Party may and shall apply to this Court for resolution of any dispute within two (2) weeks of a failure to agree. The funds from the lease or charter of the M/V GULF COAST RESPONDER shall be distributed consistent with the Bankruptcy Court Order dated June 7, 2010. Any funds to be paid to AAT pursuant to such Order shall be deposited into the Receivership Account. The funds in the Receivership Account shall not be disbursed in part or in whole without the written consent of the three Parties or pursuant to Court order, except to the extent that, pursuant to the Bankruptcy Court Order incorporated herein, Alaskan Leader Tours, LLC ("ALT"), an Alaska limited liability company 100 percent owned by Kimberly Riedel, is reimbursed for its certain undisputed expenses associated with the M/V GULF COAST RESPONDER charter.

8.      If a Party is dismissed from this action and the time to appeal has run without an appeal having been taken, that Party shall no longer be a Party to the receivership. If this case is dismissed and the time to appeal has run without an appeal having been taken, the Parties shall agree to the distribution of the funds in the Receivership Account, if

any, or shall move the court for distribution of the funds and termination

or modification of the receivership as appropriate.


DATED this __27th__ day of September, 2010, at Anchorage,

Alaska.


                                    /s/ John D. Roberts_____
                                    JOHN D. ROBERTS
                                    United States Magistrate Judge