UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ESTATE OF JERRY L. BYLER,

    Plaintiff,
vs.

ALASKAN LEADER, Official No. 558697, its Engines, Machinery, Appurtenances, etc., *In Rem*,

    Defendant,

CITY AND BOROUGH OF YAKUTAT,

    Intervenor.

Case No. 3:10-cv-00055-HRH-JDR

**ORDER DENYING MOTION TO COMPEL DISCLOSURE OR FOR PRECLUSION OF EVIDENCE**

Docket 125

    Intervenor, City and Borough of Yakutat (CBY) filed a Motion for Preclusion of Evidence or for Order Compelling Disclosure at Docket 125. Plaintiff, Estate of Jerry L. Byler (Estate), filed its opposition at Docket 134 and CBY filed its' Reply at Docket 138.

CBY alleges that the Estate has failed to provide damages calculation disclosures to support its claim that the Estate is entitled to $2,500,000.00 in damages resulting from the death of Jerry Byler. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) governs mandatory initial disclosures, including disclosures regarding damages. CBY asserts that the Plaintiff's only mention of damages is insufficient.[1] CBY also requests sanctions.

The Estate, in its' Opposition, argues that CBY failed to comply with Local Rule 37.1 in the request for disclosures. Rule 37.1 requires the moving party to confer in person or, if the parties are not located in the same city, then to confer by telephone prior to filing of a motion for discovery. The Rule also requires the filing of a good faith certificate indicating the party's compliance with Rule 37.1. The filings by CBY and the Estate show that CBY failed to comply with the Rule in that their requests for discovery were made by email.

CBY failed to comply with Local Rule 37.1 prior to the filing of their motion. Therefore, the motion at Docket 125 is DENIED. The request for sanctions is also DENIED. The request for the court to preclude the Estate from presenting any evidence regarding damages is DENIED at this time. The request for attorney's

---

[1] *See* Docket 126-1, *Plaintiff's Initial Disclosures*, p. 6 ("Plaintiff's claim for damages is the $2,500,000 agreed settlement for wrongful death.)

fees is DENIED.  The magistrate judge directs the parties to the court's order at Docket 153.

The magistrate judge notes that the deadline for disclosures was December 1, 2010.[2]  The Estate represents in their Opposition that they have provided the requested information to CBY.  The parties are hereby ordered to exchange any discovery referenced in the Motion at Docket 125 if there are any lingering items not yet exchanged, and submit a Status Report to the court regarding this issue no later than March 14, 2011.  IT IS SO ORDERED.

DATED this __15th__ day of February, 2011, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

[2] *See* Docket 152, *Amended Scheduling and Planning Order*.