UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTATE OF JERRY L. BYLER,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>ALASKAN LEADER, Official No. 558697, its Engines, Machinery, Appurtenances, etc., *In Rem*,<br><br>　　　　Defendant,<br><br>CITY AND BOROUGH OF YAKUTAT,<br><br>　　　　Intervenor. | Case No. 3:10-cv-00055-HRH-JDR<br><br>**ORDER DENYING MOTION FOR APPROVAL OF PAYMENT OF COMMISSION**<br><br>Docket 129 |

　　　　The Estate of Jerry Byler (Estate) and the Defendant, Alaskan Adventure Tours, Inc. (AAT), filed the *Motion for Approval of Payment of Commission* at Docket 129 seeking an order approving payment of a $22,500 commission to Oil Spill Response Vessels (OSRV) relating to the operation of the

m/v Gulf Coast Responder. Intervenor, City and Borough of Yakutat (CBY), filed its' Opposition at Docket 136. A Reply was filed at Docket 140 with CBY's Surreply at Docket 142.

OSRV sent an invoice to AAT on September 23, 2010.[1] AAT presented the Invoice from OSRV at a September 27, 2010 receivership meeting, requesting that CBY agree, as part of the Receivership, to approve the commission for Darren Byler, owner of OSRV, and to reimburse costs occurred in the representation of AAT in brokering jobs for the m/v Gulf Coast Responder. CBY declined to approve the expenditure from the profits of the charter on October 4, 2010.[2] John Casperson, counsel for the Estate emailed CBY's attorney, James Brennan on October 21, 2010 again inquiring about whether CBY would approve the payment and CBY again declined on October 22, 2010.[3] The same process was repeated six weeks later when, on December 3, 2010, Casperson again requested approval and CBY again declined on December 9, 2010.[4]

The terms of the amended *Order Creating Interim Receivership to Lease and or Operate Vessels* at Docket 95 require that "[i]n the absence of an

---

[1] *See* Docket 129, *Motion for Approval of Payment of Commission*, p. 2.

[2] *See* Docket 136, *CBY's Opposition to Motion for Approval of Payment of Commission*, p. 2.

[3] *Id.*

[4] *Id.* at 7.

unanimous agreement, the Party may and shall apply to this Court for resolution of any dispute within two (2) weeks of a failure to agree."[5] The same section of the Order states that "[t]he funds in the Receivership Account shall not be distributed in part or in whole without the written consent of the three Parties or pursuant to Court order . . . ."[6]

AAT first presented OSRV's invoice to CBY for approval of payment to OSRV at a receivership meeting on September, 27, 2010. In accordance with the terms of the Receivership, AAT and the Estate had two weeks from the date of CBY's refusal to agree to pay to file a motion with this court. Even using the second date CBY states they refused to agree, October 22, the instant motion was filed over 8 weeks late, on December 22, 2010. The motion is untimely and is DENIED.

The problems with the instant motion are not restricted to untimeliness. It is certainly problematic that AAT and Darren Byler failed to mention the fact that Darren Byler, as owner of OSRV, was securing a contract for the Gulf Coast Responder when the terms of the charter were specifically being discussed in Bankruptcy Court. It is similarly troubling that the terms of the June 7, 2010 Bankruptcy Order specifically prescribe that "[a]ny charter for work in the Gulf of Mexico shall be directly between the Debtor and the third party end user such as

---

[5] Docket 95, paragraph 7, p. 4.

[6] *Id.*

British Petroleum or its subcontractor."[7] The Debtor described by the Court is Alaskan Adventure Tours (AAT). It is clear that AAT, through Kimberly Byler, did not directly secure the charter. Rather, AAT worked with OSRV, owned by Kimberly's husband, Darren Byler, to secure the contract for the charter in the Gulf of Mexico. The anticipated expenses regarding the charter of the vessel were discussed in detail with the Bankruptcy Court. No mention was made of a potential 10% broker fee or commission.

It may very well be that the Bankruptcy Court, and not this court, has jurisdiction over this claim for payment. Moreover, it is very likely that a claim for payment is not even appropriate until the case is resolved all together. OSRV is likely a creditor which would be required to wait for a determination on what priority their claim has in a line of creditors. Notably, similar claims made by substitute custodians and the U.S. Marshal for final payment are not handled until admiralty cases are closed.

//

//

//

---

[7] Docket 136-2, *Order Granting Debtor's Motion for Authority to Conduct Business Outside the Ordinary Course*, p. 2, paragraph 3.

Regardless, the appeal of the claim by OSRV is not timely. The motion at Docket 129 is DENIED. IT IS SO ORDERED.

DATED this  15th  day of February, 2011, at Anchorage, Alaska.

                                      /s/ John D. Roberts
                                      JOHN D. ROBERTS
                                      United States Magistrate Judge