UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ESTATE OF JERRY L. BYLER,<br><br>        Plaintiff,<br>    vs.<br><br>ALASKAN LEADER, Official No. 558697, its Engines, Machinery, Appurtenances, etc., *In Rem*, and ALASKAN ADVENTURE TOURS, INC., *In Personam*<br><br>        Defendants,<br><br>CITY AND BOROUGH OF YAKUTAT,<br><br>        Intervenor. | Case No. 3:10-cv-00055-HRH-JDR<br><br>**ORDER DENYING MOTION FOR APPROVAL OF BROKERAGE AGREEMENT**<br><br>Docket 155 |

Plaintiff, the Estate of Jerry Byler, as executed by Darren Byler, filed a Joint Motion for Approval of Brokerage Agreement with the Defendant, Alaskan Leader and Alaskan Adventure Tours, owned by Kimberly Reidel-Byler, at Docket 155. The Intervenor, City and Borough of Yakatut, filed its Opposition to the Motion at Docket 160 and Plaintiff and Defendant filed their reply at Docket 163.

The parties ask the court to approve a brokerage agreement which allows Darren Byler, as the owner of the company Oil Spill Response Vessels, LLC, to broker contracts for the Vessel in exchange for a 10% commission. The Plaintiff and Defendant seek court approval as the Intervenor, City and Borough of Yakatut, would not agree to allow the arrangement under the terms of the controlling receivership outlined at Dockets 94 and 103.[1] This court previously denied a similar request the Plaintiff and Defendant filed at Docket 129.[2]

As noted in the Court's order at Docket 159, the terms of the amended *Order Creating Interim Receivership to Lease and or Operate Vessels* at Docket 95 require that unanimous agreement, the Party may and shall apply to this Court for resolution of any dispute within two (2) weeks of a failure to agree."[3] The same section of the Order states that "[t]he funds in the Receivership Account shall not be distributed in part or in whole without the written consent of the three Parties or pursuant to Court order . . . ."[4]

---

[1] Docket 94, *Order Creating Interim Receivership to Lease and or Operate Vessels*; Docket 103, *Order Regarding Plaintiff's Objection to Order Creating Interim Receivership.*

[2] Docket 129, *Motion for Approval of Payment of Commission*.

[3] Docket 95, paragraph 7, p. 4.

[4] *Id.*

Again, this court believes that it is problematic that AAT and Darren Byler are seeking to contract with Mr. Byler's company to secure contracts for the vessel. The Bankruptcy Court Order of June 7, 2010 proscribed that "[a]ny charter for work in the Gulf of Mexico shall be directly between the Debtor and the third party end user such as British Petroleum or its subcontractor."[5] The Bankruptcy court and this court have concerns about protecting the interests of all parties, including CBY. The parties did not agree to allow OSRV to serve as a broker for the Vessel because CBY has concerns about protecting their interests under such an agreement. The court agrees. The brokerage is outside the scope of the Receivership and is not appropriate.

The Joint Motion is DENIED

IT IS SO ORDERED.

DATED this __1st__ day of April, 2010 at Anchorage, Alaska.

       /s/ John D. Roberts
      JOHN D. ROBERTS
      United States Magistrate Judge

---

[5] Docket 136-2, *Order Granting Debtor's Motion for Authority to Conduct Business Outside the Ordinary Course,* p. 2, paragraph 3.